IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LILLIAN HAYDEN, et al., | § |
| Plaintiffs, | § |
| v. | § |
| ATOCHEM NORTH AMERICA, INC., ELF AQUITAINE, INC., ELF ATOCHEM NORTH AMERICA, INC., and PENNWALT CORPORATION, name changed to ELF ATOCHEM NORTH AMERICA, INC., | § |
| Defendants. | § |

C.A. NO. H-92-1054

## FINAL ORDER AND JUDGMENT

This matter is before the Court on the Motions of Plaintiffs and Defendants for final approval of the Class Action Settlement Agreement ("Class Settlement"), as modified by the October 30, 2000 Stipulation of Settlement (Docket Entry No. 969). A hearing on the proposed class, subclasses and settlement was held on October 30, 2000, as required by the Court's August 31, 2000 Order preliminarily certifying a non-mandatory class and subclasses under Fed.R.Civ.P. 23(b)(3) and approving the settlement and proposed Supplemental Notice. (Docket Entry No. 943). All persons present had the opportunity to be heard and to present evidence.

The Court, having considered the entire record of these proceedings, the oral presentations of counsel and the interveners, ORDERS:

    1.    The definitions and terms in the Class Settlement, as modified by the Stipulation of Settlement dated October 30, 2000 (Docket Entry 969), are incorporated fully in this Final Order and Judgment.

2. This Court has jurisdiction over all claims of all members of the settlement class ("Settlement Class Members"), and all parties to this action, including all members of the Class and Subclasses.

3. Based upon the entire record and prior proceedings in this action over the past eight-plus years, and on the October 30, 2000 hearing, the Court confirms that this action is properly certified as a class action for purposes of settlement, only, under applicable Rule 23 criteria. The Class and Subclasses are defined in this Court's August 31, 2000 Order. (Docket Entry No. 943).

4. The Court finds that the Class Representatives named in the Sixth Amended Complaint have standing to represent, and adequately represent, the Class and their respective Subclasses, and confirms them as representatives of the Class and their respective Subclasses. The Court also confirms the following attorneys as Class and Subclass Counsel, and finds that Class Counsel and Subclass Counsel adequately represent the Class and Subclasses. Class Counsel are Dennis C. Reich, Elaine Watson, and Newton B. Schwartz, Sr.; Subclass A counsel are William Steven Steele and Philip C. Banks; Subclass B counsel is Lane B. Thibodeaux; and Subclass C counsel is W. Tyler Moore, Jr.

5. The Court finds that the Class and Subclasses meet the requirements of Rule 23(b)(3). They satisfy Rule 23(a)'s numerosity, commonality, typicality and adequacy of representation requirements for the same reasons that this Court held in its January 29, 1999 order certifying the previous class. (Docket Entry Number 911). The Court further finds that common issues of law and fact -- including issues relating to Defendants' liability and general causation -- arise from the same nucleus of operative facts and predominate over individual issues, and that the class action is superior to other available methods for the fair and efficient adjudication of this controversy.

6. In assessing the fairness and reasonableness of the proposed Class Settlement, the Court considered all six factors required under *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983). All objections to the settlement have been carefully considered and are each overruled. Pursuant to Rule 23(e), the Court finds that the Class Settlement represents a fair compromise between the competing interests of the Settlement Class and the Defendants, and that this settlement, in all respects, is fair, reasonable, and adequate to the Settlement Class. The Court further finds that the settlement is within the authority of the parties, and is non-collusive. The Class Settlement is approved and the Court directs that the settlement be consummated in accordance with the terms and conditions of the Class Settlement.

7. The Court dismisses, with prejudice and with the parties to bear their own costs, the Sixth Amended Complaint, and all other actions pending before this Court asserting Settled Claims. These dismissals are to be vacated, and the complaints reinstated, in the event that this Final Order and Judgment is reversed or vacated, in whole or part, on appeal.

8. The Court finds that the Settlement Class Members were provided the best notice practicable under the circumstances and had an adequate opportunity to opt out of the Class Settlement if they chose or to object to it prior to the October 30, 2000 hearing.

9. The Court bars and enjoins all Settlement Class Members who have not timely and properly exercised an Initial Opt Out right from asserting against any Released Party any Settled Claim, either directly, representatively, derivatively, or in any other capacity, which the Settlement Class Member had, has or may have in the future in any federal, state or territorial court, except to the extent that any member of Subclass B satisfies the requirements of the Back-End Opt-Out right set forth in Section II of the Class Settlement, as modified by the Stipulation of Settlement.

10. The Court bars and enjoins the initiation or prosecution of any claim or action against any Released Party based on rights of subrogation by virtue of any payment made to or for the benefit of a Settlement Class Member pursuant to the terms of the Class Settlement, except to the extent that it would impermissible to bar such claims under the law.

11. The Court bars and enjoins the Defendants from producing, using, or handling arsenic or arsenic-containing materials, organophosphates, pesticides, fungicides, herbicides, insecticides and rodenticides at the Bryan Plant, except as necessary for remediation activities.

12. The Court orders the Defendants, as required in Section III. B. 2 of the Class Settlement, to offer to sample the attic dust in the residential property of any Settlement Class Member whose home is within the 100 nanogram zone of the Class Area and to remediate the arsenic in the attic if the level of total arsenic exceeds 100 parts per million. The Defendants' obligation to fund this attic dust sampling and remediation program is not to exceed $3.5 million. Settlement Class Members who own eligible residential properties who would like to have their attic dust sampled must submit their requests to the Settlement Administrator in writing by December 29, 2000. The Settlement Administrator shall file with the Court a list of Settlement Class Members who timely and properly requested this sampling.

13. This Final Order and Judgment is binding upon the Defendants, the Released Parties, and on all members of the Settlement Class who have not timely excluded themselves from the class under the procedures set forth in the Supplemental

Notice. As soon as practicable, the Settlement Administrator shall file with the Court the final list of class members who timely and properly excluded themselves from the class. This Final Order and Judgment is without prejudice to the Back-End Opt-Out rights of Subclass B under the Class Settlement, as modified by the Stipulation of Settlement dated October 30, 2000 (Docket Entry 969). The Settlement Administrator shall maintain a list of all Subclass B members who received money from the Settlement Fund or medical monitoring under the Class Settlement and, as soon as practicable, shall file with the Court a final listing of these Subclass B members.

14. The following class representatives are awarded $21,428.57 each from the Settlement Fund as incentive payment: Lillian Hayden, Thomas Hayden, Ann Kay Killough, James Killough, Charles Roessner, Judith Roessner, Dorothy Adams, Dorothy Adams as Representative of the Estate of John Adams, James Robertson, Sandra Robertson, Vancie Todaro, Ross Todaro, Donna Newberry and Brian Burrer.

15. Class Counsel are awarded $2,163,170.56, to be paid from the Settlement Fund and apportioned by their agreements, for reasonable case expenses paid through September 23, 2000. Upon receipt of the $2,163,170.56, Class Counsel shall donate $100,000 to fund law school-sponsored research and education to improve the readability of class action notices.

16. Public Citizen Litigation Group is awarded attorneys' fees of $ _122,071.13_ and expenses of $ _—_ to be paid from the Settlement Fund.

17. Class Counsel and Subclass Counsel are awarded an aggregate fee of $11,062,414 to be paid from the Settlement Fund and apportioned by their agreements. In determining the fee, the Court has considered the entire record, including Class Counsel's Fee and Expense Application (with Exhibits), the Declaration of Linda S. Mullenix (with Exhibits), Class Counsel's 1995 fee application (with Exhibits), the argument and evidence presented at the June 23, 1995 hearing, and the argument and evidence presented at the October 30, 2000 hearing. The Court has considered all the *Johnson* factors, and finds that the $11,062,414 fee awarded is reasonable under the percentage, lodestar, and hybrid analyses.

18. Class Counsel and Subclass Counsel documented 18,660 hours of legal services, including 12,635 attorney hours and 6,025 paralegal hours, to arrive at a reasonable lodestar of $3,881,548.80. Under the percentage analysis, the fee awarded amounts to 26.72% of the $41.4 cash component of the settlement. Under the lodestar method, the fee awarded equals the lodestar with a 2.85 upward multiplier. Under the hybrid approach, the fee awarded is a modest enhancement, to 26.72%, of a conservative 25% benchmark.

19. An upward lodestar multiplier of 2.85 (or a 26.72 % fee) is justified by the following *Johnson* factors: the time and labor involved; the novelty and difficulty of the questions; the skill required to perform the legal services properly; the preclusion of other employment by the attorneys due to the acceptance of the case; the customary fee; whether the fee is fixed or contingent (the risk factor); the amount involved and the result obtained; the experience, reputation and ability of counsel; the nature and length of the professional relationship with the clients; and awards in similar cases.

20. The Defendants shall pay interest on any portion of the $41.4 million cash component of the settlement that is not paid thirty days after Final Judicial Approval. Interest shall be computed at the current prevailing rate pursuant to 28 U.S.C. § 1961 of 6.052 % percent per annum, compounded daily until the cash component of the judgment is paid.

21. Without affecting the finality of this Final Order and Judgment in any way, the Court shall retain continuing and exclusive jurisdiction over this action and the parties, including the Defendants and all members of the Settlement Class, to administer, implement, interpret and enforce the Class Settlement, supervise the work of the Settlement Administrator, and enter such other orders as are needed to effectuate the Class Settlement.

SIGNED ~~November~~ December 4, 2000, at Houston, Texas.

_____
Lynn N. Hughes
United States District Court Judge