# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| LILLIAN HAYDEN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| ATOCHEM NORTH AMERICA, INC., | § | C.A. NO. H-92-1054 |
| ELF AQUITAINE, INC., ELF | § | |
| ATOCHEM NORTH AMERICA, INC., | § | |
| and PENNWALT CORPORATION, | § | |
| name changed to ELF ATOCHEM | § | |
| NORTH AMERICA, INC., | § | |
| | § | |
| Defendants. | § | |

## SETTLEMENT ADMINISTRATOR'S STATUS REPORT, UNOPPOSED MOTION FOR AUTHORITY TO CLOSE SETTLEMENT FUND AND UNOPPOSED REQUEST FOR FEES AND EXPENSES

Timothy J. Crowley, Settlement Administrator, respectfully submits this Status Report, Motion to Close the Settlement Fund, and Request for Fees and Expenses.

1. This class action was settled and the Court signed a Final Order and Judgment approving the settlement in December of 2000. A copy of the judgment is attached as Exhibit A.

2. The undersigned was appointed Settlement Administrator and assigned duties including overseeing the distribution of settlement checks and a medical monitoring program.

3. The medical monitoring program was developed in accordance with the Stipulation of Settlement entered into among the Class, Public Citizen Litigation Group and the Defendants. A copy of the request for approval of the medical monitoring program is attached as Exhibit B.

4. In August of 2002, this Court approved the medical monitoring program submitted by the Settlement Administrator, and the Court ruled it would "decide later what to do with the remainder of the medical monitoring fund." A copy of the August 2002 Order is attached hereto as Exhibit C.

5. The medical monitoring program included three separate medical examinations to be administered to participants and was originally scheduled to last for five years. The program included stipends for travel costs for those outside the area who chose to participate in the program, which ended up being paid out as follows: during the 2002-03 medical monitoring appointments, 35 travel stipends were paid totaling $15,019.37; during 2004-05, 42 travel stipends were paid totaling $20,646.56; and during 2006-07 round of medical monitoring, 35 travel stipends were paid totaling $14,873.23. Scheduling delays and other complications made the program more time consuming and the undersigned's role more extensive than originally planned. And, for about a year (most of 2008) beyond the originally scheduled monitoring period and while awaiting a final report on the program, the undersigned and his staff have been responding to inquiries and advising class members and program participants about the terms of the settlement and the monitoring program. The program is now complete and the *November 3, 2008 Final Report for Medical Monitoring Program for the Atochem Class Population* is attached hereto as Exhibit D. *The Final Report* concludes that "[t]he overall findings should be viewed as reassuring to the Atochem settlement population that no significant health problems were uncovered over the course of the program...Those who lived in the Atochem settlement area should remain vigilant with regards to the most common types of cancer associated with arsenic, skin, lung and gastrointestinal cancers and have regular physical examinations." *See* Exhibit D, at pp. 20-21. The Settlement Administrator would like to provide this conclusion and

other aspects of the report to the program participants by providing a summary of the *Final Report* as well as copy of the entire report. In addition, the Settlement Administrator would like to post the *Final Report* on the internet via the Public Citizen website (www. citizen.org).

6. Prior to this publication and distribution to the participants of the *Final Report*, it should be provided to all settling parties to this litigation for a suitable comment period. Arkema, Inc. (formerly Elf Atochem North America, Inc.) notes that the report contains potential inaccuracies. For example, page 6 states, "It must however be pointed out that significant deposition of arsenic has been detected at levels in excess of 100 ppm in attic spaces of some structures near the facility. Therefore the potential for exposure still must be recognized to exist in attics and utility closets in these dwellings." Arkema believes that this is not an accurate statement as of today because Arkema has completed the attic clean up program required under the settlement. A more accurate statement would be, "Previous studies indicated the presence of arsenic in excess of 100 ppm in attic spaces of some structures near the facility. As part of the Settlement, Arkema implemented an attic remediation program, which is now complete."

7. According to the Trust Department at the First National Bank of Bryan, $1,102,202.77 remains in the settlement fund.

8. In addition, according to the Trust Department at the First National Bank of Bryan, there are settlement checks totaling $544,879.69 which have not been cashed.

9. The undersigned Settlement Administrator respectfully submits that the following items remain that, in his opinion, should and could be performed:

A. A further effort made to locate those entitled to the $544,879.69 in checks yet to be cashed and, after such efforts, any remaining checks submitted to the state's unclaimed money fund.

B. Tax returns filed for the settlement fund for 2008 and 2009; and

C. A summary and copy of the medical monitoring program Final Report be prepared, sent to participants, and posed on the internet.

10. Because the monitoring program has taken longer and required more involvement than anticipated, because more than $544,879.69 in settlement checks have not been cashed and the undersigned feels that a great many of the payees could be located with further reasonable efforts, and because tax returns for the settlement fund will now need to be filed for 2008 and 2009, the Settlement Administrator respectfully requests the Court to award fees in the amount of $75,000 for additional work performed in the past and the amount of $75,000 to perform the additional matters described above.

11. In addition, the remaining money in the settlement fund needs to be distributed as directed by the Court. If the Court desires, the undersigned will solicit proposals from charities based in and serving the Bryan/College Station area that was the subject of the underlying action and then present such proposals to the Court for its decision as to how to distribute the remaining money. Arkema has also requested the opportunity to provide input to the Court regarding the appropriate Disposition of any remaining funds that cannot be utilized as originally anticipated by the settling parties.

12. Subsequent to the award of attorney fees to Public Citizen, Brian Wolfman of Public Citizen spent an additional 4.3 hours assisting with the development of the medical monitoring program and has recently spent 2.5 hours addressing issues raised by the present motion related to winding up the settlement. The Settlement Administrator respectfully requests the Court to award fees of $300 per hour in the total amount of $2,040 to Public Citizen for this additional work.

13. Finally, the Settlement Administrator has been storing 66 boxes of documents related to this settlement at an Iron Mountain facility since April of 2003. The Settlement Administrator requests authority to retain the documents through the end of 2010 and authority to destroy the documents at that time (unless directed to do otherwise by the Court before then).

14. The Settlement Administrator has conferred with all counsel of record and they are not opposed to the relief sought in this motion.

## CONCLUSION & PRAYER

Settlement Administrator Timothy J. Crowley respectfully requests leave us this Court:

(1) To immediately draw from the settlement fund balance the amount of $75,000 as fees earned for additional work performed in the past and the amount of $75,000 as fees for further efforts to: (a) locate and then distribute checks to those entitled to the $544,879.69 in checks that have not been cashed; (b) file 2008 and 2009 tax returns on behalf of the settlement fund; (c) prepare, send to participants, a review cycle among the settling parties, and post on the internet a summary and copy of the medical monitoring program's *Final Report*, and (c) perform all other actions necessary to finalize and terminate the settlement;

(2) To immediately draw from the settlement fund balance the amount of $2,040 to pay Public Citizen as fees earned for additional work performed subsequent to its earlier award of fees herein;

(3) To draw an amount from the settlement fund balance to cover actual costs (not to exceed $25,000) from the remainder of the medical monitoring fund in order to retain an appropriate contractor to assist the Settlement Administrator with further efforts to find those entitled to the checks that have not been cashed;

(4) To—after a period of six months during which administrator shall undertake further efforts reasonably calculated to locate and distribute checks to those entitled to the checks that have not been cashed—submit any remaining checks that have still not been cashed to the unclaimed money fund for the State of Texas;

(5) To solicit input from the settling parties as well as solicit proposals from charities based in and serving the Bryan/College Station area that was the subject of the underlying action and then three months from now, or at such other time as the Court directs, present such proposals to the Court for its decision as to how to distribute the remaining money;

(6) To—after performing any actions as directed by the Court—take all measures necessary to terminate the settlement fund; and

(7) To store documents related to the settlement through the end of 2010 and then destroy the documents, unless previously directed to do otherwise by the Court.

Dated: December 18, 2008.

Respectfully submitted,

_s/ Timothy J. Crowley_
Timothy J. Crowley
Settlement Administrator
State Bar No. 05170700
Three Riverway
Suite 1775
Houston, TX 77056
Telephone: (713) 651-1771
Facsimile: (713) 651-1775

CERTIFICATE OF SERVICE

I, Timothy J. Crowley, do hereby certify that on this the 18th day of December, 2008, true and correct copies of the above and foregoing instruments have been duly forwarded to the following parties and/or counsel of record in accordance with the Federal Rules of Civil Procedure.

        *s/ Timothy J. Crowley*
        Timothy J. Crowley

| | |
|---|---|
| Ms. Elaine Watson<br>9595 R.R. 12, Suite 1<br>Wimberley, Texas 78676 | Mr. Knox Nunnally<br>Vinson & Elkins<br>2300 First City Tower<br>1001 Fannin, Suite 3015<br>Houston, Texas 77002-6760 |
| Mr. Newton Schwartz<br>1911 Southwest Freeway<br>Houston, Texas 77098 | Mr. Kevin Van Wart<br>Mr. Rick Godfrey<br>Kirkland & Ellis<br>200 East Randolph Drive<br>Chicago, IL 60601 |
| Mr. Dennis Reich<br>4265 San Felipe<br>Suite 1000<br>Houston, Texas 77027 | Mr. Steven Steele<br>Davis & Davis<br>P.O. Box 3610<br>Bryan, TX, 77805-3610 |
| Mr. Phillip Banks<br>500 East 29th Street<br>Bryan, TX, 77803-4033 | Mr. Lane Thibodeaux<br>Attorney at Law<br>P.O. Box 523<br>Bryan, TX, 77806 |
| Mr. Tyler Moore<br>1215 Villa Maria Road East<br>P.O. Box 4227<br>Bryan, TX 77805-4227 | Mr. Brian Wolfman<br>Ms. Amanda Frost<br>Public Citizen Litigation Group<br>1600 20th Street, N.W.<br>Washington, D.C. 20009-1001 |