# NEWTON B. SCHWARTZ, SR.

### ATTORNEY AT LAW
1911 Southwest Freeway
Houston, Texas 77098

Toll Free 1-800-536-6006
Office:(713) 630-0708

E-mail nbs@nbslawyers.com
Fax: (713) 630-0789

December 24, 2009

Dennis Reich                    *via fax: 713.623.8724*
Stephanie Shapiro               *via fax: 713.528.4888*
Tim Crowley                     *via fax: 713.651.1775*

RE:    C.A. H-92-1054; Lillian Hayden, et al v. Atochem North America Inc., et al; In the Southern
       District of Texas, Houston Division
       Claim of Ed and Gloria Lefner
       Compliance with Court Order of December 23, 2009 (attached)

Dear Counsel:

Because Dennis Reich had to be in New Orleans on our Fema Trailer cases the afternoon of

December 3, 2009. I volunteered to cover what was noticed to be another routine status hearing that

afternoon. No mention or notice was made of claims of Ed and Gloria Lefner. They attended and

appeared and were heard at length. After such hearing, we searched and we found no files on this closed

case originating 17 years ago.

Tim Crowley furnished us, recently, and we filed with the Court, the enclosed November 12,

2002. In response to the Court's order of December 23, 2009, we checked on Pacer today and only found

the Lefners attached pages, publicly filed. They did not ever appeal under F.R.A.P. (Federal Rules of

Appellate Procedure), the denial of their claims.

Those are the only sources I now have to comply with the Court's order of yesterday. I have

furnished all other relevant information. The records Tim sent on their daughter Cari's are privileged,

confidential and not relevant to this Court's inquiry.

If any of you have any additional suggestions, let me know.  Pam Holman has gone to our storage warehouse today to check again to see if we have any files on Ed and Gloria Lefner and retrieve these 17 year old files (from the 1992 filings, to close of the cases), but we were not able to find any (Affidavit of Pamela D. Holman attached).

We have the records (Proof of Claim and Release) on Cari Lefner, which are confidential and we will only tender them under seal, if it can be done directly with the court unit and not publicly, as they are confidential, privileged and not relevant, unless the court so finds them to be.

Mrs. Lefner did acknowledge that she did avail herself of medical monitoring per her attached copies of her public filings.  I pointed this out in my earlier post December 3, 2009 response based on the hearing in Chambers on December 3rd.  These were serious, disputed as issues, not only of causation, but who actually claimed or had legal title to the property.  They (he), Mr. Lefner, admitted on December 3, 2009, the gist of which was that, their property remediated at no cost to them for several hundred thousand dollars.

If any of you know anything further I (we) can do at this late date, advise me and please circulate it.

Newton B. Schwartz, Sr.

NBS: pdh

Enclosures:     as stated above.

cc:     U.S. District Clerk     e-file

# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS



CLERK OF COURT
P.O. Box 61010
HOUSTON, TEXAS 77208

www.txs.uscourts.gov



Newton Boris Schwartz
Attorney at Law
1911 SW Fwy
Houston  TX  77098

Case: 4:92–cv–01054   Instrument: 1116   (1 pages)   aty
Date: Dec 23, 2009
Control: 091227348
FAX number: 713-630-0789   (2 Total pages including cover sheet)
Notice: The attached order has been entered.

If we are unable to sucessfully send this fax, we will print this notice and mail it to you. We will continue to attempt to fax all subsequent notices.   For questions, please call (713) 250-5768.

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Lillian Hayden, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| *versus* | § | Civil Action H-92-1054 |
| | § | |
| Atochem North America Inc., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Order

Newton B. Schwartz, Sr., must locate information about Gloria and Ed Lefner's claims. Schwartz must tell the court whether they appealed the denial of their property claim and furnish the court any other relevant information.

Signed on December 23, 2009, at Houston, Texas.

_____

Lynn N. Hughes
United States District Judge

**TIMOTHY J. CROWLEY,**
SETTLEMENT ADMINISTRATOR, ELF ATOCHEM CLASS ACTION SETTLEMENT
1301McKinney Suite 3500 Houston, Texas 77010
(713) 651-1771 FAX (713) 651-1775

November 12, 2002

Mr. Dennis Reich
Reich & Binstock
4265 San Felipe, Ste. 1000
Houston, Texas 77027

Ms. Elaine Watson
Law Office of Elaine Watson
2825 Wilcrest, Ste. 620
Houston, Texas 77042

RE:   *Hayden v. Atochem* Settlement Administration

Dear Dennis & Elaine:

The following is a list of those claimants who have filed extraordinary property claims and Tim's revised recommendations.  RUST found an error in the data where a couple of properties had more then one PID number and only one of those PID numbers was assigned to the property.  The Krenek's property and the Lafarge Corporation both had two PID numbers and originally only one of the PID numbers were assigned to the properties.  You will notice that this increased their calculated award.

| Claimant Name | Property | SA Rec. Award | Calc. Award | Total Award |
|---|---|---|---|---|
| Adams, Dorothy | 2304 Truman | $5,000.00 | $2,520.52 | $7,520.52 |
| Hayden, Thomas & Lillian | 1915 Orman | $5,000.00 | $7,872.06 | $12,872.06 |
| Killough, James & Ann | 406 Williamson | Denied | Not Qualified | $0.00 |
| Lefner, Gloria & Ed | 308 W. Dodge | Denied | Not Qualified | $0.00 |
| Newberry, Donna | 1500 S. College | $20,000.00 | $40,209.38 | $60,209.38 |
| Robertson, James & Sandra | 1905 Orman | $5,000.00 | $8,314.14 | $13,314.14 |
| Roessner, Charles | 2215 Truman | Denied | $2,512.56 | $2,512.56 |
| Todaro, Ross & Vancie | 714 E. 29th | Denied | $1,136.44 | $1,136.44 |
| | 710 E. 29th | Denied | $2,764.86 | $2,764.86 |
| | 300 S. Hutchins | Denied | $244.26 | $244.26 |
| | 2116 Fountain | $5,000.00 | $6,525.75 | $11,525.75 |
| | Cavitt Street | Denied | Not Qualified | $0.00 |
| | 2410 Osborn | Denied | Not Qualified | $0.00 |
| | Tabor Rd. | Denied | Not Qualified | $0.00 |
| | 2809 Tabor Rd. | Denied | Not Qualified | $0.00 |
| Lafarge Corporation | 1610 Fountain Ave. | $15,000.00 | $32,289.41 | $47,289.41 |
| Betty and Bryant Krenek 50% | 1600 Finfeather | $10,000.00 | $54,824.00 | $64,824.00 |
| William Barron 25%. 4/94 sold | 1600 Finfeather | Denied | $15,198.74 | $15,198.74 |
| Geneva Johnson  25% 7/94 sold | 1600 Finfeather | Denied | $16,327.18 | $16,327.18 |

Tim would like your comments and approval on his recommendations as soon as possible.  If you have any questions, please do not hesitate to contact me at the number provided above.

Sincerely,


Misty Dowdy
Legal Assistant
To The Settlement Administrator


/md
cc:  Nicola A. Thompson

7-6-05

H 92 cv 1054

Dear Judge Hughes

Brain Wolfman staled in Docket 959, that former Objectors where to get settlement & I am not able to find where any one recieved the settlement indicated.

Gloria Lifner
2109 Langford
College Station
Texas 77840

United States District Court
Southern District of Texas
Filed

JUN 0 7 2005

Michael N. Milby, Clerk

Please file & enter.
L · N · H



# REICH & BINSTOCK, LLP

A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
## ATTORNEYS AT LAW

4265 SAN FELIPE, SUITE #1000
HOUSTON, TX 77027

PHONE: 713-622-7271
FAX: 713-623-8724

DENNIS C. REICH*+
ROBERT J. BINSTOCK*#
* BOARD CERTIFIED PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
+ ADMITTED TO THE BAR OF CALIFORNIA
# CERTIFIED CIVIL TRIAL ADVOCACY BY THE
NATIONAL BOARD OF TRIAL ADVOCACY

SHARI A. WRIGHT
LINDA L. LAURENT
PAUL T. WARNER
MICHAEL T. HOWELL
MICHAEL C. WATSON
LAUREL A. AGRIS
MICHELLE W. WAN

DEBRA BREWER HAYES
OF COUNSEL

January 3, 2005

The Lefner Family
2109 Langford St
College Station, TX 77840-4835

վիկիիիկիկիկիկիկիկիկիկիկիկիկիկիկիկիկ

Dear Clients;

By way of reintroduction, our law firm represented members of your family in your lawsuit against Elf-Atochem. In addition to contamination cases, we have a long-standing expertise in lawsuits involving defective drugs.

As you probably know from news reports, the pain medication VIOXX® has recently been taken off the market because of its tendency to cause heart attacks and strokes. If you or a loved one has suffered a heart attack or stroke while taking VIOXX®, we would be honored to have the opportunity to once again represent you.

To discuss your VIOXX® lawsuit, please fill out and mail the enclosed response card. We will have a lawyer contact you as soon as we receive it.

For additional information, please visit our website at www.reichandbinstock.com or call 800-622-7271 and ask for attorney Shari Wright.

Best wishes for a safe and happy new year.

Sincerely,

REICH & BINSTOCK

Dennis C. Reich

VIOXX is a registered trademark of Merck & Co., Inc



Gloria Lefner
2109 Langford St.
College Sta, TX 77840

Lynn Hughes
United State District Judge
515 Rusk Avenue
Houston Texas 77002

# VIOXX® RESPONSE FORM

| | | First | Middle | Last | Jr/Sr. |
|---|---|---|---|---|---|

Address

| Home | | Work | Apt | City | State | Zip |
|---|---|---|---|---|---|---|

| | Cell / Other | Language English / Spanish Only |
|---|---|---|

Have you or a loved one experienced a heart attack or stroke at any time while taking VIOXX®?

**YES / NO**

Are you interested in being contacted by us concerning representation by our law firm?  (There is no cost to you for us to discuss representation.)

**YES / NO**

December 29, 2004 • Confidential Attorney Work Product of the Law Offices of Reich & Binstock, LLP • ©2004 LitServ - Litigation Support Services



BUSINESS REPLY MAIL

FIRST-CLASS MAIL     PERMIT NO. 308     HOUSTON TX

POSTAGE WILL BE PAID BY ADDRESSEE

REICH & BINSTOCK - CLIENT PROCESSING CENTER
5858A-1 WESTHEIMER RD #214
HOUSTON TX 77057-8915

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

# REICH & BINSTOCK

*A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS*

## ATTORNEYS AT LAW

TEXAS COMMERCE BANK-RIVER OAKS
4265 SAN FELIPE · SUITE 1000
HOUSTON, TEXAS 77027

RETURN SERVICE REQUESTED

## IMPORTANT INFORMATION FROM YOUR ATTORNEYS
## PLEASE OPEN IMMEDIATELY



United States District Court
Southern District of Texas
Filed

FEB 0 8 2006

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
HOUSTON DIVISION
POST OFFICE BOX 61010
HOUSTON, TX 77208

H92-1054        FEB 6. 2006

CLERK U.S. DISTRICT COURT
DONNA KELLY .

WHAT I WOULD LIKE TO KNOW ABOUT IS THE 10 MILLION DOLLARS JUDGE HUGHES
TOOK AWAY FROM THE CLASS ACTION H 92 –1054 IN 1999. BRAIN WOLFMAN REFERRED
TO IT IN HIS DOCKET 959. HE STATES THAT A HANDFUL OF FORMER OBJECTORS,  PAGE 9,
WERE TO GET THE 10 MILLION.   MY QUESTION IS WHERE DID IT GO?  OR WHEN WILL IT
BE DISTRIBUTED?

*Gloria Lefner*

GLORIA LEFNER
2109 LANGFORD
COLLEGE STATION, TX 77840

Please file & enter.
L·N·H
USDJ
                    D.K.

UNITED STATES DISTRICT COURT
HOUSTON DIVISION
POST OFFICE BOX 61010
HOUSTON, TX 77208

H92-1054     March 21 2006

United States District Court
Southern District of Texas
Filed

MAR 2 8 2006

Michael N. Milby, Clerk

CLERK U,S, DISTRICT COURT
DONNA KELLY .
Judge HUGHES

After talking to Newton Schwartz last week about class action H92-1054 he said it was never 55 million, the class action was always 43 million ,so I started looking for proof and found many papers referring to 55 million . I sent you a letter about Elaine in 1998, it hit the "Eagle" newspaper the next week and it said it went to 41 million. I went to the federal building and found nothing about where the 10 million went. But I did find Amanda Frost's paper that the original appealing objector were suppose to get it.

This is why I keeping asking were it went.

GLORIA LEFNER
2109 LANGFORD
COLLEGE STATION, TX 77840

Some one sent me Elaine Wastam and Fred Barron paper, with out Socka Number, who would do that.

Gloria Lefner
2109 Langford
College Station
Texas. 77840

# IN RE: BRYAN, TEXAS, CHEMICAL EXPOSURE LITIGATION

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| LILLIAN HAYDEN, et al., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| V. | § | |
| | § | |
| ATOCHEM NORTH AMERICA, INC., ELF | § | C.A. NO. H-92-1054 |
| AQUITAINE, INC., ELF ATOCHEM NORTH | § | |
| AMERICA, INC., and PENNWALT | § | |
| CORPORATION, name changed to ELF | § | |
| ATOCHEM NORTH AMERICA, INC., | § | |
| | § | |
| *Defendants*. | § | |

## NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT OF CLASS ACTION, AND FAIRNESS HEARING

This notice is being sent to all Class Members (as defined below) to advise them of a proposed settlement of the above-referenced case for injunctive relief, medical monitoring, cash payments totaling $55,075,000, and possible additional funds derived from pending litigation against third parties. This is an important LEGAL NOTICE. Please read this Notice carefully.

Si usted desea obtener una copia de este documento legal en Español, favor de actuar inmediatamente y llamar 1 (800) 852-2719 o escribir a "Class Counsel c/o Fund Administrator, P.O. Box 131647, Houston, Texas 77219."

TO: **All persons who for any period from January 1, 1973 through April 10, 1995, resided at properties located within the area shown by the attached map identified as Figure 1,** and who at any time make a claim for personal injury, emotional injury, mental anguish, wrongful death or medical monitoring as a result of exposure to a toxic substance or substances allegedly released from the facility now known as Elf Atochem North America, Inc., and formerly known as Pennwalt Corporation, at 201 West Dodge Street in Bryan, Brazos County, Texas; or

**All persons or other entities who for any period from January 1, 1992 through April 10, 1995, owned real property located within the area shown by the attached map identified as Figure 1,** and who at any time assert claims for property damage as a result of the past alleged releases of a toxic substance or substances from the facility now known as Elf Atochem North America, Inc., and formerly known as Pennwalt Corporation, at 201 West Dodge Street in Bryan, Brazos County, Texas; or

**All persons who for any period from January 1, 1973 through April 10, 1995, were employed at locations, other than at 201 West Dodge Street, within the area shown by the attached map identified as Figure 2,** and who at any time make a claim for personal injury, emotional injury, mental anguish, wrongful death and medical monitoring as a result of exposure to a toxic substance or substances allegedly released from the facility now known as Elf Atochem North America, Inc., and formerly known as Pennwalt Corporation, at 201 West Dodge Street in Bryan, Brazos County, Texas.

This Notice of Pendency of Class Action, Proposed Settlement of Class Action and Fairness Hearing ("Notice") is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and pursuant to an order dated April 10, 1995 (the "Scheduling Order") of the United States District Court for the Southern District of Texas (the "Court") in the above-captioned action to notify you of the proposed settlement of the above-captioned action, and to give you notice of the hearing (the "Fairness Hearing") and of your right, among other things, to participate in the Fairness Hearing to be held before the Court, at the

(excluding people who worked solely at the plant). The geographical area is set forth in Figures 1 and 2 to the settlement agreement. R. 10993-10992.

Under the proposed settlement, the defendants would establish a fund of approximately $55 million, payable in eight equal installments made over a seven-year period. R. 11039. From this amount, class counsel has sought an award of attorney's fees and expenses of approximately $18 million. R.12375.[1] Of the amount that remains after fees, 30% is set aside for class members' property damages (including remediation of arsenic contamination), $4 million is for medical monitoring, and the remainder would compensate the class for personal injuries, mental anguish, and wrongful death. R. 10944; 10939; 10935.[2]

---

[1] The magistrate-judge cut that request to approximately $5 million, or 10% of the fund, but class counsel has objected to that award. R.15609. The district court has not ruled on the fees issue.

[2] The amount of the fund may exceed $55 million, although any additional amount is highly speculative. Under the settlement, defendants have assigned a portion of their rights to disputed insurance coverage to plaintiffs' counsel, who then may take over ongoing litigation against defendants' insurance carriers. The principal purpose of this provision appears to be to increase plaintiffs' counsel's attorney's fees, while reimbursing defendants for the costs of the settlement. Under this portion of the agreement, of the first $90 million recovered from defendants' insurers, 33 ⅓% would go to plaintiffs' counsel as additional fees, 48 ¾% would be paid to defendants, 3% would go to unnamed individual plaintiffs in other cases concerning the Bryan plant, and only the remainder—less than 15%—would benefit the class. If more than $90 million is recovered, the defendants' allocation would drop to 18 ¾%, while the other specific allocations would remain the same. R. 11031-11030.

has been stated in the case law. The district court must also make findings to support the conclusion that the settlement meets this standard.

New Rule 23(e)(2) would require the parties to file a statement identifying any agreement made in connection with a settlement. Such "side agreements" can be important to understanding the terms the parties and counsel have agreed to, but sometimes are not disclosed to the court. There is concern that some side agreements may influence the terms of settlement by trading away possible advantages for the class in return for advantages for others.

The disclosure of side agreements, however, should not automatically become the occasion for discovery by the parties. Nonetheless, a court can direct a party to provide to the court or to the other parties (with appropriate confidentiality safeguards) a copy of the full terms of any agreement identified by any party as made in connection with the settlement.

### *Rule 23(e)(3): Second Opt-Out Opportunity*

New Rule 23(e)(3) would establish authority to permit a second opportunity to opt out of a (b)(3) class if settlement is proposed after expiration of the original opportunity to request exclusion. There is no presumption that a second opt-out opportunity should be afforded. That question is left entirely to the court's discretion. This provision would enhance judicial discretion to provide the same ability to opt out with knowledge of the settlement terms that is enjoyed by members of the many (b)(3) classes that are considered for certification — and thus afford a right to request exclusion — after a settlement has been reached.

When a case is certified for trial before settlement has been reached, the decision whether to opt out may be made well before the nature and scope of liability and damages are understood. Settlement may be reached only after the opportunity to request exclusion has expired, and after great changes in class members' circumstances and other aspects of the litigation. The proposal permits the court to refuse to approve a settlement unless it affords a new opportunity to request

November 5, 2001

Mr. Timothy Crowley
Atochem Special Master
1301 McKinney
Houston, TX 77010

RE: Notices for Atochem Class Action

Recently my wife and children received notices of their status in the Atochem class action; however, I have not received any type of notice. My wife and I filed extraordinary claim forms at the same time but as I indicated I have not received anything pertaining to my claims against Atochem. Please let me know if this was an oversight and weather or not you have my claims under consideration. I can be reached at work at 254-771-1675 or at home at 979-693-2649.

Sincerely

Eddie J. Lefner
2109 Langford
College Station, TX 77840

Wife: Gloria L. Lefner
Son: Daniel Lefner
Daughter: Cari I. Lefner

Case 4:92-cv-01054 Document 1084 Filed in TXSD on 03/28/06 Page 6 of 7
Case 4:92-cv-01054 Document 1116-1 Filed in TXSD on 11/24/09 Page 29 of 23
70. 27.98

Dear Judge Hughes;
Re AtoChem H-92-1054

Elaine Watson told me again yesterday that the Fund Administrator has not recieved Our Extroadinary Claims. After I've sent them four times. If the Judge would read this maybe he could find Out Why?

Gloria Lifner

Z 191 216 151

**US Postal Service**
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail *(See reverse)*

Sent to
Fund Administrator

Street & Number
P.O. Box 131647

Post Office, State, & ZIP Code
Houston 77219

| | |
|---|---|
| Postage | $ 1.24 |
| Certified Fee | 1.35 |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | 1.10 |
| Return Receipt Showing to Whom, Date & Addressee's Address | |
| TOTAL Postage & Fees | $ 3.69 |
| Postmark or Date | |

PS Form 3800, April 1995

**SENDER:**
■ Complete items 1 and/or 2 for additional services.
■ Complete items 3, 4a, and 4b.
■ Print your name and address on the reverse of this form so that we can return this card to you.
■ Attach this form to the front of the mailpiece, or on the back if space does not permit.
■ Write "Return Receipt Requested" on the mailpiece below the article number.
■ The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:

Fund Administrator
P.O. Box 131647
Houston, Tx 77219

5. Received By: (Print Name)
POUGET (HQ U.)

6. Signature: (Addressee or Agent)

4a. Article Number
2 191 216 151

4b. Service Type
☐ Registered          ☒ Certified
☐ Express Mail        ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery
10-20-88

8. Addressee's Address (Only if requested and fee is paid)
Sent 9/98

PS Form 3811, December 1994          102595-98-B-0229    Domestic Return Receipt

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

Settlement, and Supplemental Class Notice ("Motion for Approval of New Proposed Settlement") ¶ 2, filed Aug. 16, 2000. ~~████████████████~~ -- the Marshal Objectors, the ~~████~~ Objectors, the ~~████~~ Objectors, and the ~~████~~an Objectors -- in part on the ground that due process and Rule 23 do not permit certification of a mandatory, non-opt out settlement, barring class members from pursuing individual claims for money damages. While the appeal was pending, the Fifth Circuit referred the case to the appellate conference program for mediation. See id. ¶ 3. With the assistance of the mediator, the parties discussed changes to the settlement that would address the concerns of the objectors, id., and, shortly before appellate argument in the case, the contours of a new settlement were reached that were almost identical to the one now presented for this Court's approval. Wolfman Decl. ¶¶ 5, 6, 7, 8, 9. Also on the eve of argument, all objectors save Ricardo and Shelia Davis ~~████~~ settle with Defendants, and ~~████~~ their appeals.[2] Id. ¶¶ 3, 4. The precise terms of those settlements are not public. However, counsel for the Davises was informed that the settlements involve money payments to the objectors contingent upon the approval of a new settlement of the class action. Id. ¶¶ 3, 4.

At argument before the Fifth Circuit, Defendants informed the panel of their willingness to renegotiate an opt-out settlement. Motion for Approval of New Proposed Settlement ¶ 3. The appeals court vacated this Court's certification of a settlement class and directed this Court to reconsider its Rule 23(b)(2) certification. Hayden v. Elf Atochem North America, 210 F.3d 269 (2000).

_____

[2] In addition to Ricardo and Shelia Davis, seven objectors appealed from this Court's approval of the 1995 settlement. We know that these ~~████~~ objectors, represented ~~████~~ different sets of c~~████████~~ Wolfman Decl. ¶¶ 3, 4. ~~████████████~~

March 9, 2009

Judge Lynn N. Hughes
United States District Court Houston Division
P.O. Box 61010
Houston, Tx 77208

Re: C.A. No. H-92-1054 Lillian Hayden, et al, V. Atochem

I wanted to respond one more time to the referenced case but we feel as we have never had a
positive response from any of the attorneys connected with this case although we feel we are one
of the very few whose lives were truly affected by Atochem's negligence and contamination. Our
business was about 100 yards from the Atochem plant and to my knowledge had the only building
that was so contaminated that it had to be cleaned up. That is, the contents were completely
removed and for about 2 months while the building was completely cleaned. Prior to that we
went through about 2 years of emotional hell with rumors of the contamination, potential for
health problems and law suits. We were in the middle of a battle we could not win, with fears of
health issues for us, our employees, and the future of our business. Prior to the clean up we were
forced to sell our business for almost nothing just to salvage something and avoid possible claims
by employees and others. As it turned out that was a mistake as the new owners received a huge
amount of benefits from the clean up project. We got nothing.

As we participated in the lawsuit against Atochem we felt we were constantly pushed aside and
our extraordinary claims meant nothing. At various time the attorneys claimed our files were lost
and we ended up receiving the same as someone living miles from the plant and who did not even
know where the plant was located.

At the end of the lawsuit I chose medical monitoring which was a joke. I received a few test but
even though have I a lot of serious medical issues they provided me with nothing to improve or
assist with my medical care. I am 62 and do not expect to live much longer with my heart
condition which is a tumor and three holes caused by the tumor. No one can be certain that my
condition was caused by arsenic but I guess no will know until they do my autopsy.

I am not sure if you can help at this late stage but anything you can do at this late date would be
appreciated.

Sincerely,

Gloria & Ed Lefner
2109 Langford St.
College Station, Tx 77840
(979) 693-2649

Please file and enter.

L • N • H
USDJ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LILLIAN HAYDEN, ET AL | * | NO. H-92-1054 |
| Plaintiffs | * | |
| VERSUS | * | JUDGE HUGHES |
| ATOCHEM NORTH AMERICA, INC. ET AL | * | |
| Plaintiffs | * | |

*******************************************

AFFIDAVIT OF PAMELA D. HOLMAN

| | |
|---|---|
| STATE OF TEXAS | * |
| | * |
| COUNTY OF HARRIS | * |

BEFORE ME, the undersigned authority, on this day personally appeared PAMELA D. HOLMAN, who, being by me first duly sworn upon his oath, stated as follows:

"My name is Pamela D. Holman. I am above the age of 21 years, I am fully competent to make this affidavit, I am under no legal disability, and I have not been convicted of a felony or a crime involving moral turpitude. Each statement in this affidavit is true and correct based on my personal knowledge.

On December 24, 2009, I personally went to the warehouse that houses closed files for the Law Office of Newton B. Schwartz, Sr., with the intention of locating any files relating to C.A. H-92-1054; Lillian Hayden, et al v. Atochem North America, Inc., et al, and after 1.5 hours, could not locate any files pertaining to Ed Letner, Gloria Lefner or Cari Lefner.

Further Affiant sayeth not."

1

PAMELA D. HOLMAN

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, by the above-named

Affiant, on the _24th_ day of December, 2009 to certify which witness my hand and official seal.

DORA A. RAMIREZ
MY COMMISSION EXPIRES
SEPTEMBER 28, 2010

NOTARY PUBLIC, IN AND FOR
THE STATE OF TEXAS

My Commission Expires: 9/28/2010